IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16-CV-4239 |
| | ) ) | Judge Gettleman |
| vs. | ) ) | |
| MAXIM CONSTRUCTION CORPORATION, INC. | ) ) | |
| Defendant. | ) | |

## MOTION FOR ORDER BY DEFAULT

Now come Plaintiffs, the Trustees of Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Nicholas E. Kasmer of Whitfield McGann & Ketterman, and respectfully request that an Order by Default be entered against the Defendant, MAXIM CONSTRUCTION CORPORATION, INC. In support of the motion, the Plaintiffs state as follows:

1. Plaintiffs filed their Complaint on April 12, 2016, and the Defendant was served via the secretary of state with a copy of the Complaint and Summons on April 21, 2016, pursuant to the Illinois Business Corporation Act, 805 ILCS 5/5.25. (Exhibit B)

2. The Defendant has failed to appear, answer or otherwise plead within the time allowed by the Federal Rules of Civil Procedure.

3. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

4. The TRUSTEES OF the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIRMENT FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois. (Exhibit C)

5. The Defendant is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds. (Exhibit A)

6. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements"). (Exhibit C)

7. The Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union. (Exhibit C)

8. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendant is required to provide monthly records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds. (Exhibit C)

9. The Defendant breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and record for the period of January 1, 2014 through the present, after demand for audit was made upon the Defendant. (Exhibit C)

10. Plaintiffs have been required to employ the undersigned attorneys to compel the reporting of the Defendant's monthly records. (Exhibit C)

11. The Defendant is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D). (Exhibit C)

12. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), the Defendant is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest. (Exhibit C)

13. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or
(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter an Order by Default pursuant to Rule 55(a) directing the Defendant within 10 days to permit the Plaintiffs' auditors to inspect its books and records for the period of January 1, 2014 through the present. In addition, the Plaintiffs request that this Court retain jurisdiction to enter amounts owed at a later date after the audit is completed.

Respectfully Submitted,

TRUSTEES OF THE CHICAGO REGIONAL COUNCIL PENSION FUND et al.

s/Nicholas E. Kasmer
By: _____
Nicholas E. Kasmer

Nicholas E. Kasmer (6289887)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

4